IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HILDA L. SOLIS, SECRETARY OF LABOR, :
UNITED STATES DEPARTMENT OF LABOR, : CIVIL ACTION NO.
:
         Plaintiff, :
:
    v. :
:
KGB USA INC., a Corporation, :
         Defendant :

## COMPLAINT

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendant kgb USA, Inc., from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), ("the Act"), and for a judgment against Defendant in the total amount of backwage compensation found by the Court to be due to any of the employees of the Defendant.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant kgb USA, Inc. (hereafter "kgb USA") is a corporation with an office and place of business at 3864 Courtney Street, Suite 411, Bethlehem, Pennsylvania, within the jurisdiction of this Court. kgb USA provides a service that answers text message questions and questions posed to its website from the general public.

III.

The business activities of kgb USA, as described herein, are and were related and performed through unified operation or common control for a common business purpose and

1

constitute an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

IV.

At all times hereinafter mentioned, Defendant has had employees in and about its place of business in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. This enterprise, at all times hereafter mentioned had an annual gross volume sales made or business done of not less than $500,000 per year. Therefore, Defendant's employees have been and are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

V.

Defendant has since January 19, 2009, repeatedly violated and is violating the provisions of Sections 6 and 15(a)(2) of the Act by paying to many of its employees, engaged in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, wages at rates not less than the applicable statutory minimum rate prescribed in Section 6 of the Act, or wages at rates not less than $6.55 per hour prior to August 25, 2009 and wages at rates not less than $7.25 per hour after August 25, 2009.

VI.

The minimum wage violations by Defendant resulted from but are not limited to the following practices:

a. "Special Agents" who researched and wrote answers to the questions posed to kgb USA were misclassified as "Independent Contractors" by the Defendant. As a matter of economic

reality, the Special Agents were dependent upon kgb USA for their employment and were employees under the Act. These Special Agents did not exhibit the characteristics necessary for independent contractor status in that they had no capital investment in Defendant, they did not exhibit managerial skill and initiative in marketing or managing a business, they were subject to control as homeworkers, they had no opportunity for profit or loss, and they rendered services integral to the Defendant's business.

      b.     These Special Agents were paid a non-negotiable rate of five to ten cents per answer. In many workweeks in the time period from January 1, 2009 to the present, these Special Agents were paid less than the applicable minimum wage for all hours worked.

VII.

Defendants have, in many workweeks since January 19, 2009, repeatedly and willfully violated and are willfully violating the provisions of Sections 7 and 15(a)(2) of the Act by employing certain employees engaged in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, for workweeks longer than 40 hours per week without compensating said employees for their employment in excess of the prescribed hours in such workweeks at rates not less than one and one-half times the regular rates at which they were and are employed, for the reasons set forth in Paragraph VI.

VIII.

Defendant has, in many workweeks, repeatedly violated and is violating the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of many of its Special Agents of the wages, hours and other conditions of their employment as prescribed by the regulations issued and found at 29 C.F.R. Part 516, in that Defendant did not

keep records of actual hours worked by Special Agents. Defendant also did not keep hourly records of wages earned by its Special Agents.

IX.

Since January 19, 2009, Defendant has repeatedly violated the monetary provisions of the Act as alleged in paragraphs V through VIII above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

X.

As a result of the violations alleged in paragraphs V through VIII above, amounts are owing for certain present and former employees, including the persons specifically named in Schedule A attached to Plaintiff's Complaint.

XI.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment pursuant to Section 17 of the Act to permanently enjoin and restrain Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with it who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act and for a judgment in the amount of backwage compensation due together with an equal amount in liquidated damages.

Plaintiff further demands judgment pursuant to Section 16(c) of the Act, finding Defendant liable for unpaid minimum wage and overtime compensation due Defendant's employees and for liquidated damages equal in amount to the unpaid compensation found due

certain present and former employees of Defendant listed on the attached Schedule A for the period from January 19, 2009 to December 4, 2012.

FURTHER, Plaintiff prays that this Honorable Court award costs in her favor.

Post Office Address:

Catherine Oliver Murphy
Regional Solicitor
Office of the Solicitor
U.S. Department of Labor
The Curtis Center - Suite 630 East
170 S. Independence Mall West
Philadelphia, PA  19106-3306
(215) 861-5134

M. Patricia Smith
Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

*/s/ Linda M. Henry*
Linda M. Henry
Attorney
PA Bar ID: 39186

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

5