JKG



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------

HILDA L. SOLIS, SECRETARY OF LABOR,  :
UNITED STATES DEPARTMENT OF LABOR,  : CIVIL ACTION NO. 13-cv-227

Plaintiff,  :

v.  :

**FILED**

KGB USA INC., a Corporation,  :

JAN 31 2013

Defendant  :  MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

------------------------------------------------

### CONSENT JUDGMENT

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("the Secretary"), has filed her Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("the Act"), and Defendant kgb USA, Inc., ("kgb USA") appears by counsel, and waives its answer and any defense which it may have, and hereby agrees to the entry of this Consent Judgment without contest without admitting or denying any of the allegations alleged in the complaint. By executing this Consent Judgment, Defendant waives formal service of process of the Summons and Complaint in this matter. It is, therefore, upon motion of the attorneys for the Secretary and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendant kgb, USA, Inc., its officers, agents, servants, employees, and all persons acting or claiming to act on its behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act in any of the following manners:

1-31-13  e-mailed to  L Henry
              G. Friedman

1.      Defendant kgb USA shall not, contrary to Section 6 of the Act, pay to any of its employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2.      Defendant kgb USA shall not, contrary to Section 7 of the Act, employ any of its employees in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3.      Defendant kgb USA shall not classify any worker as an independent contractor unless such worker is a bona fide independent contractor under the provisions of the Act and does not meet the Act's definition of employee.

4.      Defendant kgb USA shall not fail to make, keep, and preserve adequate records of its employees and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 C.F.R. Part 516.

Further, the parties agree that, in conjunction with a full and final resolution of this matter and in order to avoid the costs and uncertainty of litigation, Judgment should be entered enjoining the withholding of back wages in the total amount of $1,300,000.00 due to certain current and former employees of the Defendant identified in Exhibit A, which is attached hereto and made a part hereof.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED that Defendant kgb USA is restrained from withholding payments of the aforesaid back wage compensation to the persons listed in Exhibit A, and is directed to make such payments of said compensation in the manner specified below.

      a.     To comply with the provisions contained in the preceding paragraph, kgb USA shall make an electronic payment to the bank on account on record of the current and former employees named in Exhibit A in the total amount of back wages due the person as indicated next to his or her name, less deductions from back wages for the employee's share of Social Security, federal income tax and state or other tax, if applicable. The deductions from the amounts indicated for each employee for Social Security, federal income tax and state or other tax, if applicable, shall be paid by kgb USA to the appropriate federal, state and other revenue authorities and reasonable proof of such payments shall be furnished to the Secretary by kgb USA.

      b.     On or before January 8, 2013, kgb USA shall further provide the Secretary with a statement showing the following for those persons listed in Exhibit A:

1. kgb USA's federal ID number;
2. The name of each person listed in Exhibit A;
3. The person's current address or last known address on file and social security number, as contained in kgb USA's records;
4. The amount of back wages due the person as indicated in Exhibit A;
5. The amount of each deduction taken from the back wages for the employee's share of Social Security, federal income tax and state or other tax, if applicable, and,
6. The net amount of back wages each person shall receive.

      c.     On or before March 1, 2013, kgb USA shall further provide the Secretary with electronic transfer evidence of payment of back wages from the bank to each person listed on Exhibit A.

d.    On or before April 29, 2013, kgb USA shall forward a check made payable to "Wage and Hour Division – Labor" for the total net amount of any payments for back wages which cannot be distributed to persons identified in Exhibit A, because of the inability of kgb USA to locate the proper persons, or because of such person's refusal to accept such sums, along with a list consisting of:

1.    The name, Social Security number, last known address, last known telephone number and last known e-mail address of each person whom kgb USA was unable to locate;

2.    The name, Social Security number, last known address, last known telephone number and last known e-mail address of each person who refused or rejected payment, and;

3.    All reasonable, good faith efforts made by kgb USA to locate and forward payment to these persons.

e.    The Wage and Hour Division will attempt distribution of the back wages to the persons named on the Exhibit A attached hereto, or to their estates, if that be necessary. To the extent any amounts of unpaid compensation are not so paid within a period of three (3) years from the date of receipt thereof from kgb USA because of inability to locate the proper persons or because of their refusal to accept the back wages, such amounts shall be delivered into the Treasury of the United States as miscellaneous receipts pursuant to 29 U.S.C. §216(c).

f.    Neither Defendant kgb USA, nor anyone on its behalf, shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment. Defendant kgb –USA shall not, under any circumstances, accept and keep any amount returned to it by any person owed compensation under this Judgment. Any such amount shall be paid to the Secretary as set forth above.

g.    Further, the parties agree that the instant action is deemed to solely cover the period from January 19, 2009 through December 4, 2012 (the "Relevant Time Period") for

all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine or prejudice any and all rights of any person specifically named on Exhibit A or the Secretary for any period after the Relevant Time Period, or any persons, be they current or former employees, not specifically named on Exhibit A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act.

h.      The parties agree that pursuant to Section 16(b) of the Act, the right of any individual identified in Exhibit A to become a party plaintiff to any action under the Act has terminated upon the filing of the instant complaint by the Secretary of Labor for the relevant time period.

It is FURTHER, ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated:  January 31, 2013          James Knoll Gardner
                                  UNITED STATES DISTRICT JUDGE

Defendant kgb USA, Inc.,
counsel, hereby consents
to the entry of this Judgment.

Plaintiff moves for the entry of this through
Judgment.

M. Patricia Smith
Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

WEIL, GOTSHAL & MANGES LLP

Gary D. Friedman, Esquire
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
gary.friedman@weil.com
(212) 310-8963 (phone)

Linda M. Henry
Attorney
PA ID #39186
Office of the Solicitor
Suite 630E, The Curtis Center (212)310-
170 S. Independence Mall West
Philadelphia, PA 19106
henry.linda@dol.gov
(215) 861-5134 (phone)

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff